UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ELIZABETH LOU GRIMES,                          10-CV-6329T

                Plaintiff,                **DECISION**
-v-                                            **and ORDER**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY

                Defendant.
_____

     This is an action brought pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner of Social Security ("Commissioner") which denied plaintiff's application for disability benefits. The Commissioner moves to remand this action pursuant to sentence 4 of 42 U.S.C. § 405(g) on grounds that the Administrative Law Judge (ALJ) failed to fully comply with the Social Security regulations and Second Circuit case law in evaluating plaintiff's mental impairment. Plaintiff, proceeding pro se, does not oppose the Commissioner's motion.

     Where the Commissioner has erred in making findings of fact or conclusions of law, the District Court is authorized to remand an action to the Commissioner for correction of those errors. Melkonyan v. Sullivan, 501 U.S. 89, 98 (1991); Shalala v. Schaefer, 509 U.S. 292, 297 (1993); Aubeuf v. Schweiker, 649 F.2d 107, 116 (2nd Cir. 1981).

     In the instant case, remand is appropriate to allow the ALJ to evaluate the plaintiff's mental impairment and determine the degree, if any, of functional limitations resulting from the mental

impairment under the four broad functional areas specified in the Social Security regulations.  The regulations establish four broad functional areas in which the degree of the individual's functional limitation must be rated: including (1) activities of daily living; (2) social functioning; (3) concentration and persistence or pace; and (4) episodes of decompensation. 20 C.F.R. § 416.920a(c)(3). The regulations further specify that the ALJ's decision must include a specific finding as to the degree of limitation in each of the functional areas. 20 C.F.R. § 416.920a(e)(2). In the instant case, because the ALJ's decision did not contain any discussion of the four broad functional areas or include any specific finding as to the degree of limitation in each of the functional areas, the case must be remanded for further development of the record, including a new hearing, if necessary.  Accordingly, I remand this action to the Commissioner pursuant to Sentence 4 of 42 U.S.C. § 405(g)

    ALL THE ABOVE IS SO ORDERED.

                                      S/MICHAEL A. TELESCA
                                        MICHAEL A. TELESCA
                          United States District Judge

Dated:    April 6, 2011
          Rochester, New York